# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **ALICIA BROWN TODD** | **CIVIL ACTION** |
| **VERSUS** | **NUMBER 07-553-RET-DLD** |
| **PAT SHELBY TODD, JR.** | |

## MAGISTRATE JUDGE'S REPORT

After seven years of heated litigation in state court, defendant (Pat Shelby Todd, Jr.) removed this ongoing divorce and custody dispute to this Court as a result of the July 9, 2007, judgment of the state court judge.   Defendant alleges that the July 9, 2007, judgment denying him a hearing on the issue of visitation was a violation of his constitutional rights of due process and equal protection, which raises a federal question supporting removal. This matter is before the Court on a motion to remand filed by plaintiff (Alicia Brown Todd)(rec. doc. 32).   The motion to remand is opposed (rec. doc.  35).

### Background

The underlying domestic dispute has been pending in the 18th Judicial District Court, Parish of Iberville, since plaintiff filed her petition for divorce and sole custody and petition for domestic abuse protection pursuant to La. R.S. 46:2131, *et seq.* on June 1, 2000 (rec. doc. 2-4).   After an eight-day trial that focused primarily on  the permanent custody of the three minor children[1], the trial court rendered judgment and issued written reasons on June 28, 2004, granting plaintiff sole custody of the minor children (rec. doc. 9-11).   The trial

---

[1] Plaintiff and defendant have three children: Jonathan Keith Brown Todd, born January 10, 1995; Shelby Elise Todd, born October 23, 1998; Patricia Denise Todd, born October 23, 1998.

court determined that based upon a "long history of family abuse by Pat Todd," the Post-Separation Family Violence and Relief Act (PSFVRA) was applicable. Id.  The trial court's final judgment also casts defendant with certain costs under the PSFVRA and charged him with contempt for violating orders of the court. Id.  The decision was affirmed by the First Circuit, and the writ application to the Louisiana Supreme Court was denied (rec. doc. 33).

In the years since the trial court's ruling on the custody issue, the parties have litigated and relitigated numerous issues including custody, child support and visitation, the application of the PSFVRA, contempt, bankruptcy, judgments for attorneys' fees, and whether or not jail sentences require purge clauses. Id.  It appears that the First Circuit Court of Appeals exercised its supervisory jurisdiction and reviewed several of these issues (rec. doc. 1).

Defendant alleges that on or about January 17, 2007, he again filed for a hearing for visitation (rec. doc. 1).  He states that he informed the trial court in his memoranda and in open court before the hearing that if he were to be denied a hearing on visitation at the present stage of the proceeding, such a denial would be a violation of his fundamental rights, due process, and equal protection.[2] Id.  On July 9, 2007, several motions and exceptions were scheduled for hearing (rec. doc. 27-2).  From the face of the July 9, 2007, judgment, it appears that there were exceptions of no cause of action and res judicata to defendant's motion for joint custody, unsupervised visitation, or in the alternative, supervised visitation and telephone contact with minor children that the trial court disposed of prior to hearing defendant's motion regarding visitation and custody. Id.  It appears that

---

[2]   Defendant fails to direct the Court to his memoranda where he raised these arguments, and the Court cannot locate them in the record.

the trial court did not entertain defendant's motion for visitation, but instead issued rulings on other issues, including a ruling which ordered defendant to "post $10,000 in security for future visitation and custody litigation with the Clerk of Court before he can proceed with any actions instituted by him." Id.

Defendant alleges that this matter "became removable" as a result of the July 9, 2007, judgment denying him a hearing on the issue of visitation, which is a violation of his constitutional rights and involves a "substantial issue of federal law." See 28 U.S.C. §1441 and §1446(b). Subsequent to filing the notice of removal, defendant filed a motion for due process hearing for interim visitation and/or due process hearing for custody and memorandum in support seeking to have this Court adjust the custody arrangement between the parties as established by the state court (rec. docs. 29-30).  Plaintiff has filed a motion to remand this action to state court, which is before this Court for review.

**Argument of the Parties**

Plaintiff's arguments in support of remand range from the basic (pleading requirements) to the complex (exhaustion, abstention, Rooker-Feldman)(rec. docs. 33 and 36-2).  The petition for divorce and sole custody and petition for domestic abuse protection allege state law claims.  Removal is only allowed under §1441(b) when the action could have originally been brought in federal court, and a divorce and custody action could not have originally been brought in federal court because it does not raise federal questions. Plaintiff argues that this Court does not have subject matter jurisdiction over defendant's removal because the original petition was not removable.

Aside from mere pleading deficiencies, plaintiff also claims that defendant failed to exhaust his remedies in state court (rec. doc. 33).  Although defendant did appeal the trial

court's July 9, 2007, judgment, that appeal was stayed when defendant filed his notice of removal to this Court.  Thus, defendant has failed to exhaust his remedies in state court in lieu of pursuing what he believes to be a more favorable forum in this Court.  Moreover, plaintiff argues that defendant has not been denied due process or equal protection of the laws as the current custody arrangement is a result of a eight-day trial, replete with witness testimony and exhibits, and since then, plaintiff and defendant have been in the trial court for hearings on numerous occasions.  Id.

Plaintiff also argues that the Rooker-Feldman doctrine prevents this Court from reviewing state court determinations even if the claims involve constitutional violations. Plaintiff has raised two abstention doctrines: the *Younger* abstention, which prevents this Court from removing complaints when the state system has exercised ongoing jurisdiction in a matter that implicates a significant state interest and where the state court affords the defendant an adequate opportunity to litigate federal claims; and the *Burford* abstention, which prevents federal interference when the state has enacted a sweeping regulatory scheme.  Plaintiff argues the PSFVRA satisfies the requirements of a regulatory scheme under the *Burford* abstention.  Plaintiff raises the domestic relations exception, which prohibits the exercise of federal jurisdiction in diversity cases involving issues of domestic relations.

Finally, because defendant's notice of removal was frivolous and sanctionable, plaintiff seeks an order providing for the payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal, as allowed by 28 U.S.C. §1447(c).

Defendant acknowledges that plaintiff's petition for divorce and sole custody and petition for domestic for abuse protection were not originally removable when filed eight years ago on June 1, 2000, because they did not satisfy the requirements of diversity or federal question jurisdiction (rec. doc. 1 and 30).   However, defendant argues that the notice of removal was filed timely pursuant to 28 U.S.C. §1446(b) because it was filed within thirty days of receipt of the order from which defendant first ascertained that this case contained claims that "arise under" federal law.  Specifically, defendant claims that the trial court's July 9, 2007, judgment denying him a hearing on the issue of visitation violates his constitutional rights to due process and equal protection of the law and, therefore, raises several "substantial issues of federal law" that make this matter removable. [3]

Defendant also argues that plaintiff failed to file her motion to remand within thirty days of removal and has waived all objections to removal based on defects other than lack of subject matter jurisdiction. 28 U.S.C. §1447(c).  Plaintiff's abstention arguments are, therefore, waived because abstention stems from the notion that a federal court that has

---

[3] Specifically, defendant argues that the July 9, 2007, judgment raises the following issues of federal law: (1) the repeated denial of his fundamental right in the "custody, care, and nurture" of his children in accordance with the Due Process of law according to the 14th Amendment; (2) the repeated denial of Due Process of law according to the 14th Amendment by refusing to allow defendant a hearing for visitation and custody; (3)  the repeated denial of Equal Protection of law by refusing to allow defendant a hearing when other parents are allowing a hearing; (4) the application of the state law provision of the *Bergeron* doctrine in such a manner as to deny defendant the ability to seek joint custody without adequate Due Process of law in accordance with the 14th Amendment; and (5) the denial of Due Process and Equal Protection of laws according to the 14th Amendment by requiring a pre-hearing bond to be paid by defendant before he may have a hearing for visitation and custody.

Defendant couches his bases for removal as the "repeated" denial of Due Process or Equal Protection, which implies that the  July 9, 2007, judgment was not the first time defendant became aware that this case arguably involved a "substantial federal issue."  Defendant also states in his memorandum in support of removal that he "has attempted for years to obtain a hearing in state court on the issue of his visitation and custody" (rec. doc. 30, p. 8).

jurisdiction can abstain from exercising jurisdiction in certain cases.  Regardless, however, defendant claims that the requirements of mandatory abstention are not met because he cannot obtain timely adjudication in state court.  Defendant claims that he has been denied all contact with his children for over three years, and if there are further delays in his visiting his children, there will be no childhood left to visit.[4]  Additionally, defendant also claims that the domestic relations exception often invoked by federal courts to decline jurisdiction over suits for divorce or spousal support does not bar federal jurisdiction in this case due to the allegations of violations of due process and equal protection.

**Discussion**

Both plaintiff and defendant have raised several arguments in support and defense of removal, but the issues in this case can be simplified by referring to the fundamental law governing removal of actions to federal court.  Defendant has the burden of establishing removal jurisdiction. *Miller v. Diamond Shamrock Co.*, 275 F.3d 414, 417 (5th Cir. 2001).

For purposes of federal question jurisdiction, "any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable." See 28 U.S.C. § 1441(b), § 1331. Whether a claim "arises under" federal law is determined by the "well-pleaded complaint" rule. *McAteer v. Silverleaf Resorts, Inc.*, 514 F.3d 411, 416 (5th Cir. 2008), *citing PCI Transp., Inc. v. Fort Worth & W. R.R. Co.*, 418 F.3d 535, 543 (5th Cir. 2005). If, on its face, the plaintiff's complaint does not raise an issue of federal law, federal question jurisdiction

---

[4] Defendant's children are currently 13(Jonathan Todd), 10(Shelby Todd), and 10(Patricia Todd) years old.

is lacking. *Hart v. Bayer Corp.,* 199 F.3d 239, 244 (5th Cir. 2000), *citing Franchise Tax Bd. v. Laborers Vacation Trust*, 463 U.S. 1, 10, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983).

As stated by plaintiff, the petitions for divorce and sole custody and petition for domestic abuse protection (filed in June 2000), reveal that plaintiff has raised only state law claims.  Regardless of whether plaintiff's petition contains only state law claims, removal jurisdiction may still arise in two situations: (1) if federal jurisdiction exists over state law claims that "necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities" (*Bernhard v. Whitney National Bank*, 2008 WL 879038 (5th Cir. April 2, 2008), *citing Grable & Sons Metal Prod. Inc. v. Darue Eng'g & Mfg.,* 545 U.S. 308, 125 S.Ct. 2362, 2363, 162, L.Ed.2d 257 (2005)); and (2) if federal jurisdiction exists when state law claims are completely preempted by specific areas of federal law, which is not applicable in this case.

Defendant argues that he "ascertained that this case is one which is or has become removable" under 28 U.S.C. §1446(b) as a result of the trial court's July 9, 2007, judgment denying his hearing on the issue of visitation because the judgment violated his due process and equal protection rights.  The constitutional violations raise "substantial issues of federal law," which create federal question jurisdiction.  Defendant is misusing 28 U.S.C. §1446(b) to create a timely removed action in this case.

When a case is not originally removable based on the face of the state court petition, the determination of whether a case "becomes removable" is based on whether something occurs in the case after the original state court petition is filed that sheds light on plaintiff's claims and illuminates the existence of federal question or diversity jurisdiction.  In this

case, the July 9, 2007, judgment denying defendant's hearing did not clarify any underlying federal question in the state law claims alleged by plaintiff in the petition for divorce and sole custody and petition for domestic abuse protection.  Rather, it may have, at the most, given rise to a claim on behalf of defendant for a violation of due process or equal protection, and the law is clear that counterclaim defendants can not remove a suit to federal court. *Metro Ford Truck Sales, Inc. V. Ford Motor Co.*, 145 F.3d 320, 327 (5th Cir. 1998); *Tindle v. Ledbetter*, 627 F.Supp. 406 (M.D. La. 1986).

Additionally, defendant is seeking review of the state court's July 9, 2007, judgment via removal.  Similar to the plaintiff's claims in *Hale v. Harvey*, 786 F.2d 688, 691 (5th Cir. 1986), the defendant's constitutional claims in this case are "inextricably intertwined" with the state court's denial of relief, and this Court cannot review that decision. Id., *citing District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482, n.16, 103 S.Ct. 1303, 1314-15, n.16, 75 L.Ed.2d 206 (1983). The Fifth Circuit advised in *Hale v. Harvey* that "[j]udicial errors committed in state courts are for correction in the state court systems, at the head of which stands the United States Supreme Court; such errors are no business of ours." Id., at 691.

Moreover defendant has not been aggrieved by any denial of due process or equal protection.  Defendant's notice of removal includes at least two references where the First Circuit Court of Appeals granted him relief from adverse rulings of the trial court. Defendant appealed the July 9, 2007, judgment to the First Circuit Court of Appeals, just as he has the right to appeal every other judgment rendered in state court, but chose not to pursue that appeal in lieu of removing his case to this Court.  It appears that defendant

-8-

has not been denied due process, but, rather, that defendant has chosen not to pursue his claims in state court.

Defendant has not sustained his burden of establishing removal jurisdiction.  His state law petition was not originally removable and did not "become removable" as a result of the July 9, 2007, judgment.  Additionally, the constitutional issues raised by the defendant as a result of the July 9, 2007, judgment are "inextricably intertwined" with the state court issues and are not reviewable by this court, but rather are reviewable in the state court system and are, in fact, currently on appeal before the First Circuit Court of Appeals.  Thus, there is no basis for sustaining removal of this action under 28 U.S.C. §1441. Because defendant has not carried his burden of proving removal jurisdiction, it is not necessary to address plaintiff's remaining arguments in support of remand.

Having established that defendant cannot establish removal jurisdiction based on federal question, the Court notes that, although not alleged,  he similarly cannot establish removal jurisdiction based on diversity jurisdiction , even if the parties were of diverse citizenship.  Federal courts have long maintained a domestic relations exception to federal diversity jurisdiction, founded on "the strong state interest in domestic relations matters, the competence of state courts in settling family disputes, the possibility of incompatible federal and state court decrees in cases of continuing judicial supervision by the state, and the problem of congested dockets in federal courts." *Crouch v. Crouch*, 566 F.2d 486, 487 (5th Cir. 1978); *Jagiella v. Jagiella*, 647 F.2d 561, 565 (5th Cir. 1981); Franks v. Smith, 717 F.2d 183, 185 (5th Cir, 1983); *Goins v. Goins*, 777 F.2d 1059, 1061 (5th Cir. 1985).

Plaintiff requested the payment of just costs and any actual expenses, including attorneys' fees, incurred as a result of the removal as allowed by 28 U.S.C. §1447(c)(rec.

doc. 33). Section 1447(c) provides that an order remanding a case "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  The award is within the discretion of the district court and is to be guided by the standard that, "[a]bsent unusual circumstances, courts may award attorney's fees under §1447(c) only where the removing party lacked an objectively reasonably basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 126 S.Ct. 704, 163 L.Ed.2d 547 (2005).  "Conversely, when an objectively reasonable basis exists, fees should be denied." Id. at 711.

Defendant lacked an objectively reasonable basis for removing this matter; therefore, the Court recommends that plaintiff's request for attorneys' fees and costs incurred associated with filing her motion to remand be granted.

**Conclusion**

Based on the foregoing, it is recommended that,

1)   plaintiff's motion to remand and for attorneys' fees (rec. doc. 32) should be **GRANTED**;

2)   plaintiff should submit a motion for attorneys' fees and costs within **ten (10)** days of this order.

Signed in Baton Rouge, Louisiana, on May 20, 2008.

_____

**MAGISTRATE JUDGE DOCIA L. DALBY**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**


**ALICIA BROWN TODD**                          **CIVIL ACTION**

**VERSUS**                                              **NUMBER 07-553-RET-DLD**

**PAT SHELBY TODD, JR.**

<u>**NOTICE**</u>

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have ten days from date of receipt of this notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report.  A failure to object will constitute a waiver of your right to attack the factual findings on appeal.


**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on .May 20, 2008

_____

**MAGISTRATE JUDGE DOCIA L. DALBY**