UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ALICIA BROWN TODD

VERSUS

PAT SHELBY TODD, JR.

CIVIL ACTION

NO. 07-553-RET-DLD

## MAGISTRATE JUDGE'S REPORT

This matter comes before the Court on a referral from the district count on plaintiff's motion for attorneys' fees **(rec. doc. 40)**.  Defendant does not challenge either the plaintiff's entitlement to costs and fees or the amount sought.[1]

*Background*

On August 4, 2007, defendant removed this matter to this Court from the 18th Judicial District Court. Plaintiff filed a motion to remand with a request for attorneys' fees and costs under 28 U.S.C. § 1447(c), and in a Report and Recommendations of May 20, 2008, the undersigned recommended that the motion be granted, that the matter be remanded to the 18th Judicial District Court, and that plaintiff be awarded her attorneys' fees and costs.[2] On June 23, 2008, the court issued a Ruling upholding the magistrate judge's report and recommendation.

As a procedural matter, the court notes that, although this court remanded the matter to the 18th Judicial District Court on June 23, 2008, this court retains jurisdiction over

---

[1] According to ULLR 7.5M, any opposition to this motion was required to be filed within twenty (20) days after service, but no opposition has been filed.

[2] The award of attorneys' fees is discretionary.  Valdes v. Wal-Mart Stores, Inc., 199 F.3d 290, 292 (5th Cir. 2000)

collateral actions after the matter is no longer pending before the court. *Willy v. Coastal Corporation*, 503 U.S. 131, 112 S.Ct. 1076, 117 L.Ed. 2d 280 (1992). In *Willy* (*supra*), the collateral action was a Motion for Rule 11 Sanctions. In *Lakeland Anesthesia, Inc. v. Aetna U.S. Healthcare, Inc.*, 2000 W.L. 1251945 (E.D.La.), the court ruled that it retained jurisdiction to decide a motion for attorney's fees pursuant to 28 U.S.C.A. § 1447(c) that was filed forty days after the entry of the remand order, finding that the award of attorney fees is a collateral matter, such as Rule 11 sanctions. In the instant action, plaintiff filed her motion for attorneys' fees just nine (9) days after the magistrate judge's report recommending that she file, and three (3) weeks before the district judge issued his Ruling and Judgment on same. As plaintiff's motion was filed well before the matter was remanded, the court retained jurisdiction over this collateral action even though the remand occurred before this motion was decided; and, even if the motion had been filed after the remand, the court still retained jurisdiction over the motion.

*The Motion for Attorneys' Fees*

The instant motion was filed on May 29, 2008, requesting $9,275.00 in fees, which represents 53 hours of work at $175.00 per hour over approximately three months. In support of her motion, plaintiff's counsel submitted an affidavit and a copy of a detailed billing statement for $9,275.00, all time which related to the removal and remand of this matter. The affidavit states that the affiant, Kathryn Landry, has been practicing law for twenty (20) years, and that her partner, Caprice Ieyoub, has been practicing law for thirteen (13) years, in state and federal courts.

*The Law and Analysis*

Before the court may award statutory attorney's fees, a "lodestar" fee must be determined.[3] In determining the lodestar fee, the following twelve (12) factors must be considered:

> (1) time and labor required; (2) novelty and difficulty of issues; (3) skill required; (4) loss of other employment in taking the case; (5) customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by client or circumstances; (8) amount involved and results obtained; (9) counsel's experience, reputation, and ability; (10) case undesirability; (11) nature and length of relationship with the client; and (12) awards in similar cases. [4]

Attorney's fees must be calculated at the "prevailing market rates in the relevant community for similar services by attorneys of reasonably comparable skills, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 (1984). The applicant bears the burden of providing satisfactory evidence that the requested rate is in line with the market rates of the applicant's community. *NAACP v. City of Evergreen*, 812 F.2d 1332, 1338 (11th Cir. 1987).

After the calculation of the lodestar has been determined, the burden then shifts to the party opposing the fee to contest the reasonableness of the fee. In this case, although the plaintiff did not provide any information regarding the rates actually billed and paid in similar lawsuits, the requested rate of $175 is uncontested by the defendant. Thus, any

---

[3] A "lodestar" fee is determined by multiplying the reasonable hours expended by the reasonable hourly rate set in accordance with the local legal community. *Pizzolato v. Safeco Insurance Company of America*, 2008 WL 4809137 (M.D.La.)

[4] *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir.1974).

objections by the defendant that the plaintiff did not provide satisfactory evidence of rates billed and paid in similar lawsuits is now waived.  *Blum*, 456 U.S. at 896, n. 11.

Further, a review of recent cases indicate that the hourly rate of $175 is within the range of prevailing market rates as evidenced by case law.  *Pizzolato*, at 2.  *See also Davis v. American Security Insurance Co.*, 2008 WL 2228896 (E.D. La. May 28, 2008).  In reviewing the number of hours expended by counsel in this case, the time spent included work on  removal and remand  issues, federal court involvement in child custody and visitation matters, the Rooker Feldman doctrine, Younger abstention doctrine, and various constitutional issues raised by the defendant.  Over a period of approximately three (3) months, plaintiff's counsel spent only fifty-three (53) hours on these issues, and that amount is quite reasonable on its face, and even more so, given the contentious and protracted history of this case in state court.

## RECOMMENDATION

The Court finds that an award of costs and fees is appropriate under the standard set forth in *Valdes*; and it further finds that the uncontested amounts sought in counsel's affidavit are both reasonable and necessary under the lodestar analysis and the *Johnson* factors.  The Magistrate Judge therefore recommends that plaintiff's motion for attorney's fees (rec. doc.40) be GRANTED, and plaintiff be awarded $9,275.00 in costs and fees pursuant to 28 U.S.C. § 1447(c).

Signed in Baton Rouge, Louisiana, on January 13, 2009.

_____
**MAGISTRATE JUDGE DOCIA L. DALBY**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ALICIA BROWN TODD

VERSUS                                            CIVIL ACTION

PAT SHELBY TODD, JR.                              NO. 07-553-RET-DLD

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have ten days from date of receipt of this notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report. A failure to object will constitute a waiver of your right to attack the factual findings on appeal.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on January 13, 2009.

**MAGISTRATE JUDGE DOCIA L. DALBY**